IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SYLVESTER L. EVANS, JR. | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:18cv101-HSO-JCG |
| | § | |
| CITY OF BILOXI, *et al.* | § | DEFENDANTS |

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

This matter is before the Court upon Plaintiff Sylvester L. Evans, Jr.'s failure to respond to the Magistrate Judge's April 23, 2018, Order [4]. For the reasons that follow, the Court will dismiss this action without prejudice.

I. BACKGROUND

Plaintiff filed a Complaint [1] in this Court on March 30, 2018, against Defendants City of Biloxi, the "Sherriff Dept.," "Biloxi Courts," and "Mayors Office." On that same date, Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs [2]. On April 23, 2018, the Magistrate Judge granted Plaintiff's Application [2], subject to further confirmation and screening under 28 U.S.C. § 1915(e)(2). *See* Order [4] at 1-5.

The Magistrate Judge noted that the Complaint was subject to dismissal pursuant to § 1915(e)(2) and required Plaintiff to file an Amended Complaint by May 14, 2018. *Id.* at 2-5. Plaintiff was warned that "it is his responsibility to prosecute this case," and that "[f]ailure . . . to comply with this Order or any order of

1

the Court subjects this case to dismissal without further notice to Plaintiff." *Id.* at 5. The deadline for Plaintiff to file an Amended Complaint has passed, and he has not filed an amended pleading or any other response to the Magistrate Judge's Order [4].

## II. DISCUSSION

Federal Rule of Civil Procedure 41 confers upon a district court the authority to dismiss an action sua sponte for failure to prosecute or for failure to comply with a court order. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 70 U.S. 626, 630-31 (1962)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief in order to achieve the orderly and expeditious disposition of cases. *See Link*, 370 U.S. at 630-31.

Plaintiff did not comply with the Court's Order [4], even after the Magistrate Judge warned him that failure to comply could result in the dismissal of this case. *See* Order [4] at 5. Furthermore, Plaintiff's Complaint [1] is subject to dismissal under 28 U.S.C. § 1915(e)(2), as it fails to state a claim on which relief may be granted. For these reasons, dismissal of Plaintiff's claims without prejudice is warranted.

III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 17th day of May, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE